UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

05-61865

CIV - DIMITROULEAS / TORRES

SHARON ADAMS and STACEY
CAMERON, individually and on behalf
of others similarly situated,

    Plaintiffs,

vs.

ABN AMRO, INC.; ABN AMRO
MORTGAGE GROUP, INC.; and
LASALLE BANK CORP.,

    Defendants.

_____/

**COLLECTIVE ACTION**

## COMPLAINT

### I. INTRODUCTION

1. This is a collective action brought pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 – 219 (hereinafter "FLSA") to recover unpaid overtime compensation owed to Plaintiffs Sharon Adams and Stacey Cameron (hereinafter "plaintiffs") and all others similarly-situated to them who were formerly or are currently employed in various hourly wage positions, such as team leaders, loan processors, title closers, title clearers, title processors, customer service representatives, and other administrative positions by Defendants ABN AMRO, Inc.; ABN AMRO Mortgage Group, Inc.; and LaSalle Bank Corporation (hereinafter "ABN" or "defendants").

2. ABN employs these employees in Broward County, Florida to support all aspects of its business.

3. Throughout the liability period, ABN has maintained an office in Sunrise, Florida.



4.     For at least three years prior to filing of this complaint and continuing (hereinafter "Liability Period"), ABN has had a policy and practice not to correctly compensate its hourly employees for work performed for the benefit of ABN over and above forty (40) hours per week, to wit: virtually all hourly employees were paid a monthly non-discretionary bonus without said bonus being added to the regular rate of pay to determine the proper overtime rate. Both Plaintiffs and all similarly situated employees shall be referred to as "hourly plus bonus employees" for the purpose of this complaint.

5.     Pursuant to the FLSA, Adams and Cameron, on behalf of themselves and all others similarly situated to them who were formerly or are currently employed as an hourly plus bonus employee for ABN during the liability period, seek unpaid overtime compensation, liquidated damages or pre-judgment interest, post-judgment interest and attorneys' fees and costs from ABN.

6.     Adams and Cameron will request the Court to authorize concurrent notice to all hourly plus bonus employees who are employed by ABN or who were so employed during the liability period, informing them of the pendency of this action and their right to opt into this lawsuit pursuant to the FLSA, 29 U.S.C. § 216(b).

## II.   JURISDICTION

7.     This Court has jurisdiction over this action pursuant to the Fair Labor Standards Act of 1938 ("FLSA") (as amended), 29 U.S.C. § 216(b), and 28 U.S.C. §§ 1331, 1337.

## III.  VENUE

8.     Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) where defendants may be deemed to reside because ABN has its regional headquarters in Broward County.

## IV.    **PARTIES**

### Plaintiff Sharon Adams

9.   Sharon Adams (hereinafter "Adams") was, at all material times, a resident of Dade County, Florida.

10.   Adams was, at all material times, a covered, non-exempt employee of ABN within the meaning of the FLSA, 29 U.S.C. § 203(e) and (g).

11.   ABN employed Adams in its Sunrise Office as a Team Leader from approximately December 29, 2000 through approximately July, 2004.

12.   During the portions of the Liability Period Adams worked for ABN as a Team Leader, Adams regularly worked in excess of forty (40) hours per week, without receiving the correct overtime compensation for hours worked over forty in a week.

### Plaintiff Stacey Cameron

13.   Stacey Cameron (hereinafter "Cameron") was, at all material times, a resident of Broward County, Florida.

14.   Cameron, at all material times, a covered, non-exempt employee of ABN within the meaning of the FLSA, 29 U.S.C. § 203(e) and (g).

15.   ABN employed Cameron in its Sunrise office as a Loan Processor from approximately September 16, 2001 through May 2005.

16.   During the Liability Period, Cameron regularly worked in excess of forty (40) hours per week, without receiving the correct overtime compensation for hours worked over forty in a week.

### Defendants

17.   ABN maintains a regional headquarters within the jurisdiction of this Court in Sunrise, in Broward County, Florida.

18.   ABN is subject to the requirements of the FLSA.

19.   Defendant ABN AMRO, Inc. is the employer of Plaintiffs within the meaning of the FLSA, 29 U.S.C. § 203(d).

20.   Defendant ABN AMRO Mortgage Group, Inc. is the employer of Plaintiffs within the meaning of the FLSA, 29 U.S.C. § 203(d).

21.   Defendant LaSalle Bank Corporation is the employer of Plaintiffs within the meaning of the FLSA, 29 U.S.C. § 203(d).

22.   At all times material hereto, defendants ABN was an "enterprise engaged in commerce" within the meaning of 29 U.S.C. § 203(s)(1) with annual gross sales in excess of $500,000 within the meaning of the FLSA.

### V. GENERAL FACTUAL ALLEGATIONS

23.   The allegations in paragraphs 23 through 29 occurred during the liability period.

24.   ABN does not compensate its hourly plus bonus employees at the rate of one and one-half times their regular rate for all hours worked over forty each week.

25.   All hourly plus bonus employees are not exempt from the maximum hour requirements of the FLSA pursuant to 29 U.S.C. § 213(a)(1).

26.   There are numerous persons similarly-situated to Plaintiffs who are or were employed in various hourly plus bonus positions for ABN during the liability period.

27.   During the liability period, ABN willfully and recklessly denied the correct compensation to all hourly plus bonus employees for hours worked over forty (40) per week at

the rate of one and one-half times their regular rate of pay to these employees that it employed during the liability period.

## VI. FIRST CLAIM

28.     The allegations in paragraphs 1-27 are incorporated by reference herein. By its actions alleged above, ABN willfully, knowingly and/or recklessly violated the provisions of the FLSA, which requires the correct overtime compensation calculation to non-exempt employees, 29 U.S.C. §§ 207.

29.     As a result of the unlawful acts of defendants, Plaintiffs and all persons similarly situated to them have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts in addition to liquidated damages, pre-judgment interest, post-judgment interest, attorneys' fees and costs.

## VII. PRAYER FOR RELIEF

WHEREFORE, plaintiffs and all employees similarly situated who join in this action pray for this Court:

A.     To authorize the issuance of notice at the earliest possible time to all ABN hourly plus bonus employees who were employed by defendants during the three years immediately preceding the filing of this action. This notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit if they worked hours in excess of forty (40) in week, during the Liability Period, but were not paid the correct overtime as required by the FLSA;

B.     To declare that ABN has violated the overtime provisions of the FLSA, 29 U.S.C. § 207, as to the Plaintiffs and persons similarly situated;

C.     To declare that ABN's violations of the FLSA were willful;

D.   To award Plaintiffs, and other similarly situated current and former ABN hourly plus bonus employees, damages for the amount of unpaid overtime compensation subject to proof at trial;

E.   To award Plaintiffs, and other similarly situated current and former ABN hourly plus bonus employees, liquidated damages in an amount equal to the overtime compensation shown to be owed pursuant to 29 U.S.C. § 216(b);

F.   If liquidated damages are not awarded, then the Court should award, in the alternative, prejudgment interest;

G.   To make the same declarations and awards as prayed for in paragraphs A-F above as to all persons who opt into this action pursuant to 29 U.S.C. § 216(b); and

H.   To award Plaintiffs, and other similarly situated current and former ABN hourly plus bonus employees, reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

### Jury Demand

Plaintiffs demand trial by jury on all issues so triable.

Respectfully submitted,

Robert S. Norell, Esq.
Fla. Bar No. 996777

ROBERT S. NORELL, P.A.
Attorney for the Plaintiffs
8751 W. Broward Blvd.
Suite 410
Plantation, Florida 33324
Tel.: (954) 617-6017
Fax: (954) 617-6018

Dated:  December 8, 2005

%JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
SHARON ADAMS and STACEY CAMERON

**CIV - DIMITROULEAS**

## DEFENDANTS
ABN AMRO INC., ABN AMRO MORTGAGE GROUP, INC. and LASALLE BANK CORP.

(b) County of Residence of First Listed Plaintiff: Miami-Dade
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Broward
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Robert S. Norell, P.A., Robert S. Norell, 8751 W. Broward Blvd., Suite 410, Plantation, FL 33324; Tel.: (954) 617-6017; Fax (954) 617-6018

Attorneys (If Known)
SEYFARTH SHAW LLP
55 East Monroe Street, Suite 4200
Chicago, IL 60603

**05-61865**

0:05 CV 61865 - WPP Torres

(d) Check County Where Action Arose: ☐ DADE  ☐ MONROE  ☒ BROWARD  ☐ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE  ☐ INDIAN RIVER  ☐ OKEECHOBEE  ☐ HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability |  | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☒ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability |  |  | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise |  |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☒ 444 Welfare | ☐ 535 Death Penalty |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):
29 U.S.C. §§ 201 – 219

LENGTH OF TRIAL via 3-4 days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE COHN  DOCKET NUMBER 05-61342

DATE: 12/08/2005
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # 535805  AMOUNT 250.00  APPLYING IFP