IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-61865 CIV-DIMITROULEAS

SHARON ADAMS and STACEY
CAMERON, VERNELL ROBERTS, and
CHERYL SOTO, individually and on behalf
and others similarly situated,

        Plaintiffs,

v.

ABM AMRO, INC.; ABN AMRO
MORTGAGE GROUP, INC.; LASALLE
BANK CORP., and STRATEGIC STAFFING,
INC., jointly and severally,

        Defendants.

---

## LASALLE BANK'S MOTION TO DECERTIFY THE COLLECTIVE ACTION

Defendants, ABN AMRO, INC., ABN AMRO MORTGAGE GROUP, INC., LASALLE BANK CORP., (collectively "LaSalle"), move to decertify the collective action filed by Plaintiffs, as follows:

1.    On December 8, 2005, Plaintiffs Sharon Adams, Stacey Cameron, and eighteen opt-in Plaintiffs filed a single-count complaint alleging that LaSalle Bank violated the Fair Labor Standards Act, §§ 201-262 ("FLSA"), because the rate on which they were paid overtime did not include all required elements (the "regular rate" claim) (Pls. Compl. ¶ 28).

2.    On January 30, 2006, Plaintiffs filed an amended complaint and a motion to facilitate notice of a collective action pursuant to 29 U.S.C. § 216(b). In Plaintiffs' amended complaint, Plaintiffs named Strategic Staffing, Inc. ("Strategic"), a temporary staffing company, as an additional defendant.

3. On April 7, 2006, the Court granted, in part, Plaintiff's motion to facilitate notice. At the time, the Court characterized the class certification question as "a close issue." April 27, 2006 Op. at 4 (docket entry No. 51). A total of 147 plaintiffs have now joined the lawsuit.

4. On January 22, 2007, Plaintiffs filed a second amended complaint alleging that they worked "off the clock" (the "off the clock" claim). The parties have since conducted extensive discovery, including the depositions of seventeen Plaintiffs.

5. The evidence obtained during discovery demonstrates the Plaintiffs are not similarly situated. Plaintiffs worked for different employers, in different departments, and for different supervisors. Some Plaintiffs claim that they worked through lunch without pay, while others say they did not. Some Plaintiffs contend that they worked off the clock at home, while others say that did not happen. Some claim that they worked off the clock before their shift, but not after their shift, while other Plaintiffs claim the opposite. Some Plaintiffs argue that they worked overtime while employed by Strategic, but not LaSalle, and others argue the opposite. Some Plaintiffs maintain that they were paid only for "authorized," but not "unauthorized" overtime, while others do not make such a distinction. Further, Plaintiffs testified that each received separate sets of instructions from their managers on how to record their time, and several of them offer differing reasons as to why they claim that they did not record all their hours worked on their time sheets.

6. As a result, each plaintiff presents a distinct claim. These differences are apparent from deposing merely seventeen of the 147 Plaintiffs. The evidence of their differences is just the proverbial "tip of the iceberg." These differences render a collective trial an impossibility, as Plaintiffs cannot proceed by representative testimony.

WHEREFORE, LaSalle moves to decertify the collective action. A proposed order is attached.

| DATED: July 27, 2007 | Respectfully submitted, <br><br> ABM AMRO, INC.; ABN AMRO MORTGAGE GROUP, INC.; and LASALLE BANK CORP. <br><br> By   /s/ Ronald D. Shindler <br> Ronald D. Shindler <br> FOWLER WHITE BURNETT, P.A. <br> Counsel for Defendants <br> Espirito Santo Plaza <br> 14th Floor <br> 1395 Brickell Avenue <br> Miami, Florida 33131 <br> Tel: (305) 789-9200 <br> Fax: (305) 789-9201 <br> rshindler@fowler-white.com <br><br> -and- <br><br> Jeffery K. Ross <br> Noah A. Finkel <br> Benjamin E. Gehrt <br> SEYFARTH SHAW LLP <br> 131 S. Dearborn Street <br> Suite 2400 <br> Chicago, Illinois 60603 <br> Tel: (312) 460-5000 <br> Fax: (312) 460-7000 <br> jross@seyfarth.com <br> nfinkel@seyfarth.com <br> bgehrt@seyfarth.com |
|---|---|

## ATTORNEY'S CERTIFICATION AS TO SERVICE

I HEREBY CERTIFY that the foregoing document was filed using the Court's CM/ECF system and was served this 27th day of July 2007, upon counsel via the CM/ECF system.

/s/ Ronald Shindler
Ronald Shindler