EXHIBIT 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 05-61865 – CIV – DIMITROULEAS/Torres

SHARON ADAMS, STACEY
CAMERON, VERNELL ROBERTS, and
CHERYL SOTO, individually and on behalf
of others similarly situated,

    Plaintiffs,

vs.

ABN AMRO, INC.; ABN AMRO
MORTGAGE GROUP, INC.; LASALLE
BANK CORP., and STRATEGIC
STAFFING, INC., jointly and severally,

    Defendants.
_____/

**COLLECTIVE ACTION**

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into by and between Plaintiffs[1] and STRATEGIC STAFFING, INC.[2] *and Dan Hacket, individually*

## RECITALS

WHEREAS, Plaintiffs were hired by Strategic and employed by ABN AMRO, INC., ABN AMRO MORTGAGE GROUP, INC., and LASALLE BANK CORP.; and

---

[1] Plaintiffs include all individuals listed on Exhibit A.

[2] Although ABN AMRO, INC., ABN AMRO MORTGAGE GROUP, INC., and LASALLE BANK CORP. (collectively "ABN AMRO") are named defendants in this action, this settlement agreement is only between Plaintiffs and Defendant Strategic Staffing, Inc. and is not intended to address or resolve any claims that the Plaintiffs have against Defendant ABN AMRO. The parties understand that the some of the Plaintiffs were hired by Strategic, but that all of them worked at ABN AMRO's offices. As such, the Plaintiffs have asserted that a joint employment relationship was established and that both Strategic and ABN AMRO are proper defendants. Strategic denies Plaintiff's assertions. This settlement agreement shall not in any way curtail the rights of the Plaintiffs to pursue and collect full damages for their claims against ABN AMRO and all claims against ABN AMRO shall survive this settlement agreement.

WHEREAS, Plaintiffs have asserted claims for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 207, 211(c) and 216 (b) (the "FLSA Claims") in the above-referenced case (the "Action"); and

WHEREAS, Plaintiffs have filed no other litigation or administrative complaints or charges of any type against Strategic; and

WHEREAS, Plaintiffs and the Strategic have in proceedings related to the Action been represented by legal counsel of their choice; and

WHEREAS, Plaintiffs and Strategic negotiated a confidential settlement of the claims that Plaintiffs have against Strategic in this case on July 20, 2007; and

WHEREAS, Plaintiffs and Strategic have reached agreement to settle part of Plaintiffs' claims against Strategic and are releasing Strategic of any further liability for the consideration and on the terms stated herein; and

WHEREAS, Strategic denies and continues to deny the allegations asserted by Plaintiffs in the Action; and

WHEREAS, Plaintiffs understand and acknowledge that by entering into this Agreement they are waiving and releasing their right to recover damages against Strategic that predate the signing of this Agreement; and

NOW, THEREFORE, in consideration of the foregoing and of the terms, conditions and agreements hereinafter set forth, Plaintiffs and Strategic agree as follows:

1. <u>Recitals</u>. The Recitals are true and correct and are incorporated into this Agreement.

2. <u>Court Approval</u>. This Agreement is contingent on the Court approving this Agreement as required under the FLSA, and upon the Court dismissing Strategic as a

party from this action with prejudice. If any payments are required to be made prior to the Court's approval of this Agreement, the payments shall be held by Robert S. Norell, P.A., in trust for the Plaintiffs and shall be returned to Strategic if the Court does not approve this Agreement.

3. <u>Contingent Nullity.</u>   Should the Plaintiffs and ABN AMRO reach an impasse at mediation and ABN AMRO successfully demonstrates (i.e., a determination by the Court) that Plaintiffs have somehow entirely waived their claims against ABN AMRO by virtue of this Settlement Agreement, this Settlement Agreement shall become null and void and all monies held by Robert S. Norell, P.A. shall be immediately returned to Strategic. In such a case, the parties stipulate that the statute of limitations on Plaintiffs' claim shall be tolled from the date that each particular Plaintiff filed a consent to join in this Action. Furthermore, should the Plaintiffs and ABN AMRO reach an impasse at mediation and should this Settlement Agreement become null and void, the parties agree to continue discovery in this Action with permission from the Court, or if not possible, Strategic consents to either (1) rejoining this Action; or (2) a separately filed lawsuit and will not raise any defenses that there has been a release or waiver of Plaintiffs' claims or that there has been an Order of Dismissal entered in this Action dismissing Strategic as a party with prejudice. It is acknowledged that Strategic is canceling depositions in this Action as a result of this Settlement Agreement. Should the Court permit Strategic to re-enter this Action, or should the Court not approve this Settlement Agreement, the Plaintiffs agree to produce at least 8 individuals to be deposed regarding their claims against Strategic. Plaintiff further agrees that they will respond to all outstanding discovery as previously agreed or required by the Court, and all of the 8

eight individuals produced for deposition will respond to Strategic's discovery propounded on July 27, 2006, at least 10 days prior to the date of deposition.

4. <u>Compensation to Plaintiffs and Release as to Plaintiffs</u>. Upon district court approval of this settlement agreement, Strategic will pay to Plaintiffs and their counsel One Hundred Thousand Dollars ($100,000.00) in separate checks as specified in Exhibit A within 10 days from the date of execution of this settlement agreement in exchange for Plaintiffs executing this Agreement and for signing a Joint Stipulation of Dismissal *with prejudice* in the form attached as Exhibit B to be filed with the Court within 10 days after the Plaintiffs attend mediation with ABN AMRO on August 2 and 3, 2007, with the Court to retain jurisdiction of this matter to enforce the Settlement Agreement.

5. The payments will be made as follows:

a. On or before the date set forth in Exhibit A, Strategic will pay Plaintiffs the amounts listed as "W-2 Payments" on Exhibit A, column 2, "Regular Rate of Pay Claim OT" less required withholding, as wage loss for Plaintiffs' claims for back pay allegedly owed to them. Strategic will report these payments to Plaintiffs on a W-2 Form in January 2008.[3] Strategic shall pay the employer's share of FICA, Medicare, and any relevant state taxes for the payments to be made pursuant to this paragraph.

b. On or before the date set forth in Exhibit A, Strategic will pay Plaintiffs the amounts listed as "1099 Payments" on Exhibit A, column 3, "Regular Rate of Pay Claim LD"as liquidated damages. Strategic will make no deductions or

---

[3] On or about March 1, 2006, Strategic tendered to Plaintiffs $9,819.61 as unpaid overtime and liquidated damages (with no deductions for Federal, FICA and Medicare withholdings) for those Plaintiffs that had opted in this Action as of that date. This payment was specifically classified as damages for Strategic's failure to calculate non-discretionary bonuses into Plaintiffs' regular rate of pay when computing overtime pay. This payment is acknowledged and referenced in column 1 of Exhibit A, but is separate from any moneys due under this settlement agreement.

withholdings from this payment. Strategic will report this payment to Plaintiffs on a Form 1099 issued to Plaintiffs in January 2008.

  c. On or before the date set forth in Exhibit A, Strategic will pay Plaintiffs the amounts listed as "W-2 Payments" on Exhibit A, column 4, "Off the Clock Claim OT" less required withholding, as wage loss for Plaintiffs' claims for back pay allegedly owed to them. Strategic will report these payments to Plaintiffs on a W-2 Form in January 2008. Strategic shall pay the employer's share of FICA, Medicare, and any relevant state taxes for the payments to be made pursuant to this paragraph.

  d. On or before the date set forth in Exhibit A, Strategic will pay Plaintiffs the amounts listed as "1099 Payments" on Exhibit A, column 5, "Off the Clock Claim LD"as liquidated damages. Strategic will make no deductions or withholdings from this payment. Strategic will report this payment to Plaintiffs on a Form 1099 issued to Plaintiffs in January 2008.

  e. On or before the date set forth in Exhibit A, Strategic will pay to Robert S. Norell, P.A., on behalf of all of Plaintiffs' attorneys of record, the sum listed designated as Attorney's fees as payment for attorney's fees, costs, and expenses incurred in filing, processing, or resolving the claims in the Action. Strategic will report all payments to Robert S. Norell, P.A. in a Form 1099 to Robert S. Norell, P.A. in January 2008.

 6. <u>Release of Claims by Plaintiffs</u>.

  a. Plaintiffs, in consideration of the promises and covenants in this Agreement, the Payment to be paid by Strategic and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, each,

individually, on behalf of their heirs, successors, assigns, executors, and representatives, hereby release, discharge and covenant not to sue Strategic, their subsidiaries, predecessors and successors in interest, assigns, officers, attorneys, directors, employees, agents, and shareholders (collectively, "Strategic" but ***specifically excluding*** ABN AMRO, INC., ABN AMRO MORTGAGE GROUP, INC., and LASALLE BANK) with respect to any and all claims, demands, damages, lawsuits, obligations, promises, administrative actions and causes of action, both known or unknown, in law or in equity, of any kind whatsoever, which any of the Plaintiffs ever had, now has, or may have against Strategic, upon or by reason of any matter, cause or thing whatsoever from beginning of the world to the date of this Agreement. Plaintiffs agree and acknowledge that this release and waiver includes, but is not limited to, (i) any and all claims and causes of action that were or could have been made in the Action solely as to Strategic and not ABN AMRO; (ii) any and all claims and causes of action arising under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. against Strategic, not to include ABN AMRO; Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2001e, *et seq.*, as amended ("Title VII"); the Americans with Disabilities Act, 42 U.S.C. § 21101, *et seq.*, as amended; the Age Discrimination in Employment Act, 29 U.S.C. §201, *et seq.*, as amended (including the amendments of the Older Workers Benefit Protection Act of 1990) (collectively, the "ADEA"); the Worker Adjustment and Retraining Notification Act of 1988 (also known as "WARN"); the Equal Pay Act of 1963; the Florida Human Rights Act of 1977 and the Florida Civil Rights Act of 1992, as amended, Chapter 760, Florida Statutes (the "FCRA"); the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.*, as amended; the Employee Retirement Income Security Act of 1974, 29 U.S.C. §

1001, *et seq.*, as amended, the Florida Whistleblower's Act, Fla. Stat. §448.101, *et seq.*, and any other federal, state or local statute or ordinance relating to or dealing with employment discrimination; and (iii) any and all claims and causes of action for breach of an employment contract (whether express or implied) or tort damages and/or personal injury as a result of Plaintiffs' employment with Strategic. Plaintiffs acknowledge that the release and waiver herein is made knowingly and voluntarily.

    b.  No Admission of Liability. This Agreement does not constitute an admission by Strategic that any action they took with respect to Plaintiffs was wrongful, unlawful or in violation of any statute, law or regulation. Instead, this Agreement is entered into by Plaintiffs and the Defendants solely for the purpose of compromise and to avoid the further cost of litigation.

  7. Confidentiality. All Parties to this agreement represent and agree that in response to any inquiry about the status of the Action, the Parties will only disclose the following, "The matter has been amicably resolved by all parties."

  8. Responsibility for Attorneys' Fees. Except as otherwise provided in this Agreement, it is agreed that each party shall be fully responsible for its respective attorneys' fees and costs, and it is expressly contemplated that the payment to be made under paragraph 2 above includes all of Plaintiffs' attorneys' costs, and other expenses relating to the Released Claims.

  9. Attorneys' Fees and Costs For Breach of This Agreement. Strategic and Plaintiffs agree they shall be entitled to recover their reasonable attorneys' fees and expenses to the extent permitted by law without invalidating this Agreement in any action arising from or relating to enforcement of any provision of this Agreement in which that

party prevails on any or all issues presented, including attorneys' fees and costs incident to appeal.

10. Applicable Law. This Agreement shall be governed and interpreted by Florida law without regard to its conflicts of law principles.

11. Entire Agreement. This Agreement constitutes and contains the entire agreement between the parties concerning the subject matter of this Agreement and supersedes all prior negotiations, agreements or understandings between the parties concerning any of the provisions of this Agreement. Each of the parties represents and acknowledges that in executing this Agreement neither has relied upon any representation or statement not set forth herein made by the other party or by any of the other party's agents, representatives, or attorneys with regard to the subject matter, basis, or effect of this Agreement or otherwise.

12. Final Release. The parties understand this Agreement contains a final release occurring through the date each executes this Agreement. Plaintiffs agree that they are entering into this Agreement knowingly and voluntarily and without any coercion.

13. Binding Effect. This Agreement shall bind and benefit the heirs, personal representatives, administrators, successors, affiliates and assigns of the parties.

14. Counterparts. This Agreement may be executed in multiple counterparts, each of which shall be deemed an original, and all of which together shall constitute one and the same agreement.

15. Notice Provisions. Any notices required to be sent pursuant to this Agreement shall be sent to Defendants at: Angelo M. Filippi, Esq. Kelly, Kronenberg, et al, Counsel for Defendant Strategic Staffing, 8201 Peters Road, Suite 4000, Fort Lauderdale, FL

33324, Tel.: (954) 370-9970, Fax: (954) 382-1988. Any notices required to be sent pursuant to this Agreement to Plaintiffs shall be sent to Robert S. Norell, Esq., Robert S. Norell, P.A., 7350 N.W. 5th Street, Plantation, Florida 33317, (954) 617-6017 (phone), (954) 617-6018 (fax).

Agreed to this 31st day of July 2007 by:

[SIGNATURE PAGE TO FOLLOW]

_[signature]_      7-27-07

Individually, On Behalf of Strategic Staffing, Inc., President     Date

_[initials]_

Agreed to this __27__ day of July 2007 by:

_[signature]_      7-30-07
On behalf of Plaintiffs     Date

Agreed to this _____ day of July 2007 by:

_____
Robert S. Norell, Esq., as counsel for
Plaintiffs and on behalf of all Plaintiffs

```
*************************
***    TX REPORT     ***
*************************

TRANSMISSION OK

TX/RX NO                 0869
CONNECTION TEL                  9546176018
SUBADDRESS
CONNECTION ID
ST. TIME                 08/23 16:18
USAGE T                  00'14
PGS. SENT                   1
RESULT                   OK
```

_____, President     7-27-07
Individually On Behalf of Strategic Staffing, Inc.     Date

Agreed to this __27__ day of July 2007 by:

_____     7-30-07
On behalf of Plaintiffs     Date

Agreed to this _____ day of July 2007 by:

_____
Robert S. Norell, Esq., as counsel for
Plaintiffs and on behalf of all Plaintiffs