UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-61865-CIV-DIMITROULEAS

SHARON ADAMS, et al.,

       Plaintiffs,

vs.

ABN AMRO MORTGAGE
GROUP, INC., et al.,

       Defendants.
_____/

# **INDIVIDUAL RELEASE AGREEMENT**

      This Individual Release Agreement ("Agreement") is between the plaintiff signing below on behalf of himself/herself and his or her agents, representatives, assignees, heirs, executors, beneficiaries, trustees ("Plaintiff"), and ABN AMRO, Inc.; ABN AMRO Mortgage Group, Inc.; and LaSalle Bank Corp., on behalf of themselves, all of their subsidiaries, partners, related entities, predecessors, successors, assigns, trustees, officers, directors and employees, agents, joint ventures and affiliated owners ("AAMG").

      Plaintiff joined a lawsuit filed with the United States District Court for the Southern District of Florida, Case No. 05-61865 (the "Lawsuit") alleging that AAMG violated the Fair Labor Standards Act by failing to pay him or her sufficient overtime compensation for all hours worked in excess of 40 per week.

      Plaintiff and AAMG now desire to avoid further litigation and resolve all matters raised in the Lawsuit and any other wage/hour claims which Plaintiff has against AAMG to date.

      In consideration of the mutual promises set out below, the Plaintiff and AAMG agree as follows:

      **1.**    **Payment.**  Within 40 days of the entry of an order by the Court approving the Stipulation of Judgment, AAMG will pay Plaintiff the gross sum listed below, as follows:

- Backpay will be paid to Plaintiff, less all applicable statutory deductions, including federal and state payroll withholding and taxes, for alleged back overtime pay owed.  AAMG will issue a Form W-2 to the Plaintiff in connection with this payment.

CH1 11303858.1

- Liquidated damages will be paid to Plaintiff for compensation for alleged liquidated damages. AAMG will issue a Form 1099 for each Plaintiff in connection with this payment.

- AAMG will pay the attorneys fees and costs for all of the Plaintiffs in this case by making payment to Robert S. Norell, P.A. AAMG will add to the Form 1099 given to Plaintiff an amount reflecting an apportionment of the total attorneys fees and costs paid to Robert S. Norell, P.A. in this case.

The payments described above are valid consideration for this Agreement, are consideration to which Plaintiff would not otherwise be entitled and are being paid in exchange for signing this Agreement.

Plaintiff agrees that, upon receipt of this payment, he/she has been properly paid for all hours worked, including overtime compensation for all hours worked in excess of 40 per week, and any liquidated damages stemming from any overtime claims.

2. **General Release**. Plaintiff releases and forever discharges AAMG from all claims raised or which could have been raised in the Lawsuit, including any claim under the FLSA and any additional claim for attorney fees and costs.

3. **Exclusions From General Release**. Excluded from the General Release above are any claims or rights which cannot be waived by law, including claims arising after the date of this Agreement, and any claims relating to or arising from the payment of any severance benefits that have been, or will be, paid to the Plaintiffs by AAMG and/or its successors.

4. **Agreement Not To Sue**. Besides waiving and releasing the claims covered by Sections 3 above, Plaintiff further agrees never to institute a claim of any kind against AAMG that could have been raised in the Lawsuit. If Plaintiff sues AAMG in violation of this Agreement, a) he or she shall be liable to AAMG for its reasonable attorneys' fees and other litigation costs incurred in defending against such a suit, or b) AAMG can require Plaintiff to return all but $100 of the money paid to that Plaintiff pursuant to this Agreement.

5. **Non-Admission**. This Agreement is not an admission of any liability or wrongdoing by AAMG. This Agreement is not admissible in any proceeding without the written consent of the parties or unless ordered by a court of competent jurisdiction, except in a proceeding instituted by either party alleging a breach of this Agreement.

6. **Confidentiality**. Plaintiff agrees that he/she will keep strictly confidential this Agreement and the terms and conditions of this Agreement, as well as any communications leading to this Agreement. If inquiries arise concerning this Agreement or the Lawsuit, Plaintiff may reply that "the matter has been resolved," but shall make no other comment. The only exception to these confidentiality restrictions is a disclosure required by a court order, or disclosure to Plaintiff's attorneys, immediate family and/or tax advisor, on the condition that any disclosure by them to any other persons is a violation of this Agreement. Because the exact amount of potential damages to AAMG resulting from a violation of these confidentiality restrictions is difficult to determine with any precision, any violation by Plaintiff will make him

2

CH1 11303858.1

or her liable for $5,000.00 in liquidated damages as well as AAMG's attorney fees and costs for enforcing the Agreement, as described in the next section.

       **7.**    **Entire Agreement.**  Should the court find that any party has breached any term of this Agreement, the non-breaching party shall be entitled to an award of attorneys fees and costs.  This Agreement sets forth the entire agreement between the parties and supersedes any written or oral understanding, promise, or agreement directly or indirectly related to the Agreement.  No other promises or agreements shall be binding unless made in writing and signed by Plaintiff and AAMG.  Plaintiff agrees that he or she is signing this Agreement knowingly and voluntarily, and has not been coerced or threatened into signing this Agreement

       **8.**    **Severability.**  To the extent that a court of competent jurisdiction holds that any portion of this Agreement is invalid or legally unenforceable, the remaining portions shall not be affected and shall be given full force and effect.

Payment: _____

PLAINTIFF                                                                        ABN AMRO MORTGAGE GROUP, INC.

_____                       By:_____

DATE:_____                 DATE:_____

3

CH1 11303858.1